MEMORANDUM OF AGREEMENT TO
EXTEND AND MODIFY TERMS OF COLLECTIVE BARGAINING AGREEMENT

between

SOUTHERN HERITAGE HEALTH AND REHABILITATION, LLC

and

UNITED FOOD AND COMMERCIAL WORKERS UNION, LOCAL 2008

The representatives of Southern Heritage Health and Rehabilitation, LLC and the United Food and Commercial Workers Union, Local 2008, have agreed to extend all terms and conditions set forth in the articles and language of the Collective Bargaining Agreement in place on the close of business June 30, 2012, to remain in full force and effect, with the exception of the following provisions.

1. ARTICLE 1 - AGREEMENT

Change name of Employer, "Golden Living Center - McGehee," to "Southern Heritage Health and Rehabilitation, LLC" throughout contract.

2. ARTICLE 3 - VOLUNTARY DUES DEDUCTION

Section 3.3 - Dues Revocation

It is specifically understood between the parties to this Agreement that unit members may revoke their dues deduction authorization not less than thirty (30) days and not more than forty-five (45) days prior to 1) the anniversary date of their check-off authorization or 2) the expiration date of this Agreement between the Employer and the Union.

3. ARTICLE 26 - WAGES

All members of the bargaining unit shall receive a 3.0% across the board increase on July 1, 2012.

4. ARTICLE 35 – DURATION OF AGREEMENT

The Agreement shall be effective as of July 1, 2012, except as otherwise specifically provided, and shall continue in full force and effect until June 30, 2013.


EXHIBIT 7

5. ARTICLE 36 – PAID TIME OFF (New Article)

All members of the bargaining unit shall receive one (1) Paid Time Off day, paid at straight time hourly rate each calendar year. If not used in the calendar year in which it is awarded, Paid Time Off will be forfeited. Paid Time Off is never paid out at termination.

6. ARTICLE 37 – SICK PAY (New Article)

All members of the bargaining unit will accrue sick time. Employees accrue sick hours based on regular hours paid, vacation hours paid, and holiday hours paid beginning on the first day worked. The accrual rate is .0154. All members may accrue up to a maximum of 120 hours. Sick Pay is not an earned benefit. Sick pay shall be paid only for days missed due to the member's own illness or injury unless otherwise required by state law. Members are not eligible for sick pay on partial day absences, including schedule doctor or dentist appointments.

Sick Pay shall be paid on the following schedule:

| Years of Service | Sick Pay Eligibility |
| --- | --- |
| 10+ year | First Day Missed due to Illness |
| 5-9 years | Second Day missed due to Illness (First day missed is not paid) |
| 90 days - 5 years | Third day missed due to Illness (First and Second day missed are not paid) |

Members will not receive pay for unused sick pay upon termination of employment.

IN WITNESS WHEREOF, the parties have caused this Memorandum of Agreement to Extend Terms of Collective Bargaining Agreement to be executed by their duly authorized representatives.

UNITED FOOD AND COMMERCIAL
WORKERS UNION, LOCAL 2008

_____
Steve T. Gelios

Title: President, Local 2008, UFCW

Date: 9/26/12

SOUTHERN HERITAGE HEALTH AND
REHABILITATION, LLC

_____
James V. Meath, Esquire

Title: Counsel for Southern Heritage
Health & Rehabilitation, LLC

Date: 9/26/2012

MEMORANDUM OF AGREEMENT TO
EXTEND TERMS OF COLLECTIVE BARGAINING AGREEMENT

between

SOUTHERN HERITAGE HEALTH AND REHABILITATION, LLC

and

UNITED FOOD AND COMMERCIAL WORKERS UNION, LOCAL 2008

The representatives of Southern Heritage Health and Rehabilitation, LLC and the United Food and Commercial Workers Union, Local 2008, have agreed to extend all terms and conditions set forth in the articles and language of the Collective Bargaining Agreement in place on the close of business May 15, 2011, to remain in full force and effect, with the exception of the following provisions.

1. ARTICLE 26 - WAGES

All members of the bargaining unit shall receive a 2.5% across the board increase on July 1, 2011.

2. ARTICLE 35 – DURATION OF AGREEMENT

The Agreement shall be effective as of May 15, 2011, except as otherwise specifically provided, and shall continue in full force and effect until May 15, 2012.

IN WITNESS WHEREOF, the parties have caused this Memorandum of Agreement to Extend Terms of Collective Bargaining Agreement to be executed by their duly authorized representatives.

| UNITED FOOD AND COMMERCIAL WORKERS UNION, LOCAL 2008 | SOUTHERN HERITAGE HEALTH AND REHABILITATION, LLC |
|---|---|
| *[signature]* | *[signature]* |
| Title: President | Title: CEO |
| Date: 6/24/11 | Date: 6/30/11 |

15279724_1.DOC

MEMORANDUM OF AGREEMENT TO
EXTEND TERMS OF COLLECTIVE BARGAINING AGREEMENT

between

SOUTHERN HERITAGE HEALTH AND REHABILITATION, LLC
and

UNITED FOOD AND COMMERCIAL WORKERS UNION, LOCAL 2008

The representatives of Southern Heritage Health and Rehabilitation, LLC ("Facility") and the United Food and Commercial Workers Union, Local 2008, hereinafter ("Union") have agreed to extend all terms and conditions set forth in the articles and language of the Collective Bargaining Agreement in place on the close of business January 15, 2010, to remain in full force and effect, with the exception of the following provisions.

1. ARTICLE 18 - GRIEVANCE PROCEDURE

    Section 18.2 – Formal Steps.

    Step 3. Replace "Regional Director of Associate Relations" with "Regional Vice President"

2. ARTICLE 26 - WAGES

    All members of the bargaining unit shall receive a 2.5% across the board increase on July 1, 2010.

3. ARTICLE 35 – DURATION OF AGREEMENT

    The Agreement shall be effective as of January 15, 2010, except as otherwise specifically provided, and shall continue in full force and effect until January 15, 2011.

IN WITNESS WHEREOF, the parties have caused this Memorandum of Agreement to Extend Terms of Collective Bargaining Agreement to be executed by their duly authorized representatives.

| UNITED FOOD AND COMMERCIAL WORKERS UNION, LOCAL 2008 | SOUTHERN HERITAGE HEALTH AND REHABILITATION, LLC |
|---|---|
| *Karen W. Hill* | *[signature]* |
| Title: Secretary-Treasurer | Title: CEO |
| Date: 3-1-10 | Date: 2/23/10 |

7354245_1.DOC

MEMORANDUM OF AGREEMENT TO
EXTEND TERMS OF COLLECTIVE BARGAINING AGREEMENT

between

SOUTHERN HERITAGE HEALTH AND REHABILITATION, LLC
and

UNITED FOOD AND COMMERCIAL WORKERS UNION, LOCAL 2008

The representatives of Southern Heritage Health and Rehabilitation, LLC and the United Food and Commercial Workers Union, Local 2008, have agreed to extend all terms and conditions set forth in the articles and language of the Collective Bargaining Agreement set to expire on the close of business January 15, 2011 until the close of business May 15, 2011.

IN WITNESS WHEREOF, the parties have caused this Memorandum of Agreement to Extend Terms of Collective Bargaining Agreement to be executed by their duly authorized representatives.

| UNITED FOOD AND COMMERCIAL WORKERS UNION, LOCAL 2008 | SOUTHERN HERITAGE HEALTH AND REHABILITATION, LLC |
|---|---|
| *[signature]* | *[signature]* |
| Title: President | Title: CEO |
| Date: 12-15-10 | Date: 12-27-10 |



# AGREEMENT

Between

## UNITED FOOD AND COMMERCIAL WORKERS UNION, LOCAL 2008

and

## GOLDEN LIVING CENTER - MCGEHEE
## MCGEHEE, ARKANSAS

Effective

August 5, 2007, through August 5, 2010

# TABLE OF CONTENTS

| Article | Page |
|---|---|
| INTRODUCTION | 1 |
| AGREEMENT | 1 |
| ARTICLE 1 - RECOGNITION OF THE UNION | 1 |
| ARTICLE 2 - MANAGEMENT RIGHTS | 1 |
| ARTICLE 3 - VOLUNTARY DUES DEDUCTION | 2 |
|     Section 3.1 - Dues Deductions | 2 |
|     Section 3.2 - Dues Remittance | 3 |
|     Section 3.3 - Dues Revocation | 3 |
|     Section 3.4 - Employer Held Harmless | 3 |
|     Section 3.5 - Dues List | 3 |
|     Section 3.6 - Credit Union | 3 |
|     Section 3.7 - Political Deduction | 3 |
| ARTICLE 4 - PROBATIONARY PERIOD | 3 |
|     Section 4.1 - Probationary Period | 3 |
|     Section 4.2 - Seniority During Probation | 4 |
|     Section 4.3 - Terms and Conditions During Probation | 4 |
|     Section 4.4 - Discharge During Probation | 4 |
| ARTICLE 5 - CATEGORY OF EMPLOYEES | 4 |
|     Section 5.1 - Full-Time Employees | 4 |
|     Section 5.2 - Part-Time Employees | 4 |
|     Section 5.3 - Casual Employees | 4 |
|     Section 5.4 - Temporary Employees | 4 |
| ARTICLE 6 - SENIORITY | 4 |
|     Section 6.1 - Bargaining Unit Seniority | 4 |
|     Section 6.2 - Job Classification Seniority | 4 |
|     Section 6.3 - Notification to Union of Layoffs | 5 |
|     Section 6.4 - Layoffs | 5 |
|     Section 6.5 - Address Changes | 5 |
|     Section 6.6 - Employment Outside Bargaining Unit | 5 |
|     Section 6.7 - No Seniority Accrual | 5 |
|     Section 6.8 - Loss of Seniority | 5 |
|     Section 6.9 - Rehire | 6 |
|     Section 6.10 - Rehire | 6 |
| ARTICLE 7 - VACANCIES | 6 |
|     Section 7.1 - Vacancy Defined | 6 |
|     Section 7.2 - Posting | 6 |
|     Section 7.3 - Award of Vacancy | 6 |
|     Section 7.4 - Return to Previous Position | 6 |
|     Section 7.5 - Six-Month Ineligibility | 7 |
|     Section 7.6 - Temporary Transfer | 7 |
| ARTICLE 8 - HOURS OF WORK | 7 |
|     Section 8.1 - Basis and Intent | 7 |

## TABLE OF CONTENTS (continued)

| Article | Page |
|---|---|
| Section 8.2 - Work Schedules | 7 |
| Section 8.3 - Overtime | 7 |
| Section 8.4 - Time Keeping for Lunch Breaks | 7 |
| Section 8.5 - Payroll Period | 7 |
| Section 8.6 - Call-Ins | 8 |
| Section 8.7 - Employer Considerations | 8 |
| Section 8.8 - Two-Hour Notice | 8 |
| ARTICLE 9 - REST PERIODS AND LUNCH PERIODS | 8 |
| ARTICLE 10 - JOB DESCRIPTIONS | 9 |
| ARTICLE 11 - NON-DISCRIMINATION | 9 |
| ARTICLE 12 - ORIENTATION OF EMPLOYEES | 9 |
| ARTICLE 13 - BULLETIN BOARDS | 9 |
| ARTICLE 14 - SAFETY AND HEALTH | 9 |
| ARTICLE 15 - UNION VISITATIONS | 9 |
| Section 15.1 - Union Representative Visits | 9 |
| Section 15.2 - No Union Meetings on Premises | 10 |
| ARTICLE 16 - STEWARDS | 10 |
| Section 16.1 - Steward Recognition | 10 |
| Section 16.2 - Steward Training | 10 |
| ARTICLE 17 - DISCIPLINE AND DISCHARGE | 10 |
| ARTICLE 18 - GRIEVANCE AND ARBITRATION | 11 |
| Section 18.1 - Complaints, Disputes, Controversies, or Grievances | 11 |
| Section 18.2 - Formal Steps | 11 |
| Section 18.3 - Suspension or Discharge | 12 |
| Section 18.4 - Work Day | 12 |
| Section 18.5 - Arbitration | 12 |
| Section 18.6 - Fees and Expenses | 13 |
| Section 18.7 - Time Limits Strictly Construed | 13 |
| Section 18.8 - Failure to Process Within Time Limits | 13 |
| Section 18.9 - Notices in Writing | 13 |
| ARTICLE 19 - EMPLOYER GRIEVANCES | 13 |
| ARTICLE 20 - LABOR/MANAGEMENT CONFERENCES | 13 |
| ARTICLE 21 - LEAVES OF ABSENCE WITHOUT PAY | 14 |
| Section 21.1 - Benefits While on Leave of Absence | 14 |
| Section 21.2 - Eligibility | 14 |
| Section 21.3 - Return from Leave of Absence | 14 |
| Section 21.4 - Family and Medical Leave | 14 |
| ARTICLE 22 - HOLIDAYS | 14 |
| Section 22.1 - List of Holidays | 14 |
| Section 22.2 - Eligibility for Holiday Pay | 15 |
| Section 22.3 - Holiday Pay | 15 |
| Section 22.4 - Holiday During Vacation | 15 |

## TABLE OF CONTENTS (continued)

| Article | Page |
|---|---|
| ARTICLE 23 - VACATIONS | 15 |
| Section 23.1 - Eligibility | 15 |
| Section 23.2 - Waiting Period | 15 |
| Section 23.3 - Pay Prior to Vacation | 16 |
| Section 23.4 - Arrangement for Vacation | 16 |
| Section 23.5 - Scheduling Vacation | 16 |
| Section 23.6 - No Carryover | 16 |
| Section 23.7 - Vacation Pay | 17 |
| Section 23.8 - Vacation for Current Part-Time Employees | 17 |
| ARTICLE 24 - FUNERAL LEAVE | 17 |
| Section 24.1 - Eligibility | 17 |
| Section 24.2 - Bereavement Pay | 17 |
| Section 24.3 - Pay for Actual Time Lost | 17 |
| ARTICLE 25 - GROUP INSURANCE | 17 |
| ARTICLE 26 - WAGES | 18 |
| ARTICLE 27 - PREMIUM CONDITIONS | 19 |
| ARTICLE 28 - GENERAL PROVISIONS | 19 |
| Section 28.1 - Breakroom | 19 |
| Section 28.2 - Time Off for Labor Conventions or Steward Seminars | 19 |
| Section 28.3 - Gender Reference | 19 |
| ARTICLE 29 - UNIFORMS | 19 |
| Section 29.1 - Employer to Provide Uniforms | 19 |
| Section 29.2 - Replacement of Uniforms | 19 |
| Section 29.3 - Return of Uniforms Upon Termination | 19 |
| ARTICLE 30 - SCOPE OF BARGAINING | 19 |
| ARTICLE 31 - INVALIDATION | 20 |
| ARTICLE 32 - SOLE AGREEMENT AND WAIVER | 20 |
| ARTICLE 33 - SUCCESSORSHIP | 20 |
| ARTICLE 34 - NO STRIKE/NO LOCKOUT | 20 |
| Section 34.1 - Guarantee | 20 |
| Section 34.2 - Steps to Take in the Event of a Strike | 20 |
| ARTICLE 35 - DURATION OF AGREEMENT | 21 |
| OTHER AGREEMENTS | 22 |
| LETTER OF UNDERSTANDING | 22 |

case of discharge, the employee effected may request and shall receive from the Employer in writing the reason for said dismissal.

### ARTICLE 18 - GRIEVANCE AND ARBITRATION

**Section 18.1 - Complaints, Disputes, Controversies, or Grievances:** All complaints, disputes, controversies, or grievances arising between the Employer and the Union, or any employee covered by this Agreement on or after the effective date of this Agreement, which involve only questions of interpretation or application of any of the provisions of this Agreement, shall be adjusted by and between the parties in the manner herein.

**Section 18.2 - Formal Steps:** An employee with or without his Steward may submit a grievance orally to the employee's supervisor. The supervisor shall give the employee an oral response to the grievance within three (3) days following the date the grievance was presented. If the grievance has not been settled by oral discussion, the following procedure will apply:

Step 1.   The grievance must be presented in writing to the employee's department head no later than five (5) work days after the occurrence of the event which led to the dispute or the date on which the employee should reasonably have known of the event. The written grievance shall state the article and section of the Agreement alleged to have been violated, the nature of the violation, the remedy or correction to be desired, and it shall be signed and dated by the employee and the Union representative involved. The department head will answer all written grievances in writing within three (3) work days.

Step 2.   If the grievance is not settled at Step 1, the written grievance must be submitted to the Administrator within five (5) work days following receipt of the answer from the department head. The Administrator shall reply in writing to the employee and the Union representative within three (3) work days after receipt of the grievance.

At the Union's request, the Administrator shall meet to discuss the grievance prior to replying to the grievance. If both parties agree to such a meeting, the meeting should be held expediently.

Step 3.   If the grievance is not settled at Step 2, it may be submitted to the Regional Director of Associate Relations or his designee within five (5) work days after receipt of the answer in Step 2. The Regional Director of Associate Relations or his designee shall answer in writing to the employee and the Union representative within five (5) work days after receiving such grievance.

**Section 18.3 - Suspension or Discharge:** Any grievance based upon the suspension or discharge of an employee shall be referred directly to Step 2 of this procedure within five (5) work days following the suspension.

**Section 18.4 - Work Day:** For purposes of this article, a work day is a day other than Saturday, Sunday, or a holiday recognized by this Agreement.

**Section 18.5 - Arbitration:** If the grievance is not settled under Step 3 above, then either party may, within fifteen (15) work days following receipt of the answer in Step 3 and with notice to the other party:

1. Submit the matter to the Federal Mediation and Conciliation Service (FMCS) for a list of five (5) arbitrators, and the parties shall select there from one (1) arbitrator as follows:

   Beginning within five (5) work days of receipt of the list, the Union and the Employer, in that order, shall each alternately strike one (1) name until four (4) names have been eliminated, and the one (1) person whose name remains shall be selected arbitrator. The above order of striking arbitrators shall apply for the first arbitration under this Agreement. Thereafter, the initiation of the striking process shall be done on an alternating basis.

2. If one (1) party fails to select a name to strike from the list within three (3) work days of receipt of notification of the other party's latest selection, then the arbitrator preferred by the selecting party shall be chosen as arbitrator.

3. In the further event should one (1) party fail to participate in the scheduled arbitration proceeding, the other party may proceed unilaterally, and the decision of the arbitrator shall be final and binding upon all parties.

4. The arbitrator shall have no authority to amend, alter, change, or set aside any of the terms of this Agreement, but shall determine only whether or not there has been a violation of this Agreement within the allegations set forth in the grievance. The decision of the arbitrator shall be based solely upon the evidence and arguments presented to him by the respective parties at such arbitration meeting. Past practices of the parties in interpreting or applying the terms of the Agreement can be relevant evidence, but may not be used so as to justify, or result in, what is, in effect, a modification (whether by addition or detraction) of the written terms of this Agreement.

**Section 18.6 - Fees and Expenses:** The fees and expenses of the arbitrator shall be borne equally by the Employer and the Union and all other expenses will be paid by the party incurring them.

The filing fee for an arbitrator shall be paid for by the losing party.

**Section 18.7 - Time Limits Strictly Construed:** The time limits in this article may be waived or modified by mutual written agreement of the parties at any time. Absent such written agreement, the time limits contained herein shall be strictly construed.

**Section 18.8 - Failure to Process Within Time Limits:** If the employee or the Union fails to process the grievance at any step within the time limits, the grievance shall be deemed to have been withdrawn. If the Employer's designated representative fails to answer a grievance within the specified time limits, the Union shall have the right to immediately appeal to the next step of the grievance procedure.

**Section 18.9 - Notices In Writing:** All notices required herein shall be in writing.

## ARTICLE 19 - EMPLOYER GRIEVANCES

Where and as the Employer believes that the Union through its agents, representatives, or members is (are) not in compliance with the provisions of this Agreement, the Employer shall have standing to raise such determination as a grievance before duly authorized representatives of the Union. Such grievances shall be set forth in writing and served on the Union's local business office. The Union agrees on receipt of Employer grievance(s) to hold a meeting within five (5) working days in an effort to amicably settle the dispute. In the event the matter is not settled at the local level, the Employer may take the matter to a mutually agreed upon higher level for consideration.

## ARTICLE 20 - LABOR/MANAGEMENT CONFERENCES

The Employer and the Union, as evidence of attitude and intent, agree that during the life of this Agreement, individuals from both parties (not to exceed three (3) from each) be designated, in writing, by each party to the other for the purpose of meeting at the call of either party at mutually agreeable times and places so as to apprise the other of problems, concerns, suggestions, ideas, etc., related to the facility, the work force, and resident services, all to promote better understanding with the other. The meetings may be on work time. Such meetings shall not be for the purpose of initiating or continuing collective bargaining nor in any way modify, add to, or detract from the provisions of this Agreement; and such meetings shall be exclusive of the grievance and arbitration proceedings in this Agreement, as grievances shall not be considered proper subjects at such meetings.